FILED
FEB 12 2008
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. __3:08cr27-MEF__ |
| | ) [18 USC 922(g)(1)] |
| JOSHUA LYNN BROWN | ) |
| | ) INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about September 29, 2006, in Randolph County, within the Middle District of Alabama,

JOSHUA LYNN BROWN,

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Georgia, to-wit:

1.) April 21, 2003, Violation of the Georgia Controlled Substances Act, Case Number 03CR303, in the Superior Court of Carroll County, Georgia; and

2.) April 21, 2003, Criminal Attempt to Commit a Violation of the Georgia Controlled Substances Act, Case Number 03CR303, in the Superior Court of Carroll County, Georgia;

did knowingly possess in and affecting commerce a firearm, to-wit:

a Grendel, Model P-30, .22 caliber pistol, a better description of which is unkown to the grand jury;

in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A.   Count 1 of this indictment is hereby repeated and incorporated herein by reference.

   B.  Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment the defendant,

JOSHUA LYNN BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

> a Grendel, Model P-30, .22 caliber pistol, a better description of which is unknown to the grand jury.

   C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred, sold to, or deposited with a third person;

    (3)  has been placed beyond the jurisdiction of the court;

    (4)  has been substantially diminished in value; or,

    (5)  has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described above.

   All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

_____
Foreperson

_____
Tommie Brown Hardwick
Assistant United States Attorney

_____
Matthew W. Shepherd
Assistant United States Attorney